**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3665
_____

ANTONIO SIERRA,
                                        Appellant

v.

JOHN DANERI; TOM WOLF;
JOSH SHAPIRO; MICHAEL CLARK

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-19-cv-00208)
District Judge:  Honorable Susan Paradise Baxter

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 7, 2020

Before: AMBRO, GREENAWAY, JR., and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 20, 2020)
_____

OPINION[*]
_____

PER CURIAM

        Antonio Sierra appeals pro se from the District Court's order dismissing his

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). We will dismiss the appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

In 1998, following a jury trial in the of Court Common Pleas of Lebanon County, Sierra was convicted of thirty-one criminal counts, including criminal attempt to commit criminal homicide, robbery, and arson. He was sentenced to a term of twenty to sixty years of imprisonment. Sierra was unsuccessful on direct appeal and in state post-conviction proceedings. He also attempted to challenge his convictions in two federal habeas petitions, but both petitions were dismissed.

In July 2019, Sierra filed a complaint pursuant to 42 U.S.C. § 1983 in the District Court against John Daneri, the District Attorney of Erie County; Tom Wolf, the Governor of Pennsylvania; Josh Shapiro, the Attorney General of Pennsylvania; and Michael Clark, the Warden of SCI-Albion. Sierra claimed that the defendants violated his constitutional rights by misrepresenting to the courts (in his state and federal post-conviction proceedings) that his 1998 conviction was for "criminal attempt to commit criminal homicide" when he was actually convicted of "attempted third-degree murder." He explained that the defendants intentionally misrepresented his underlying conviction because "attempted third-degree murder" is not a crime that is recognized under Pennsylvania law. By way of relief, Sierra asked the District Court to find the defendants liable for the alleged constitutional violations, and to vacate, set aside, and declare null and void his conviction for attempted third-degree murder.

2

The District Court granted Sierra leave to proceed in forma pauperis and dismissed his complaint as frivolous and/or for failure to state a claim under § 1915(e)(2)(B)(1)-(ii) on the ground that his claims were barred by Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), and Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). Sierra appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's dismissal for failure to state a claim under § 1915(e)(2). Dooley v. Wetzel, No. 19-1684, 2020 WL 1982194, *4 (3d Cir. Apr. 27, 2020). We apply the same standard to the complaint's dismissal as frivolous. Id.

The District Court properly dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). First, as the District Court explained, to the extent that Sierra sought to vacate his underlying conviction on the ground that it is not recognized by Pennsylvania law, his sole federal remedy is a writ of habeas corpus, not a § 1983 action. See Preiser, 411 U.S. at 500. Second, to the extent that Sierra claimed that the defendants violated his constitutional rights by misrepresenting his conviction, the record indicates that he was convicted of criminal attempt to commit criminal homicide, not attempted third-degree murder. Therefore, this claim is meritless. Lastly, to the extent that his complaint can be read to seek damages under § 1983 for his allegedly illegal confinement, a favorable outcome would necessarily demonstrate the invalidity of his incarceration. Since Sierra has not successfully challenged his confinement in any state or federal proceeding, he could not proceed under § 1983. See Heck, 512 U.S. at 487; see also Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

3

Accordingly, we will dismiss the appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).